[Cite as *Hunter v. Ohio Dept. of Transp., Div. 6*, 2011-Ohio-6914.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES K. HUNTER, III

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION, DIV. 6

    Defendant

Case No. 2011-06480-AD

Acting Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACTS

{¶1}    Plaintiff, James Hunter, III, filed this action against defendant, Department of Transportation (ODOT), alleging that he suffered property damage to his car as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on US Route 33/161 in Franklin County. Plaintiff related that he was traveling on US Route 33/161 on April 18, 2011, at approximately 3:30 p.m. when his vehicle struck a very large pothole. The impact of striking the pothole caused tire damage to plaintiff's vehicle. In his complaint, plaintiff requested damages in the amount of $199.27, the stated cost of a replacement tire. The filing fee was paid.

{¶2}    Defendant filed an investigation report requesting that plaintiff's claim be dismissed due to the fact that the City of Dublin and not ODOT bears the maintenance responsibility for the section of US Route 33/161 where plaintiff's incident occurred. In support of the request to dismiss, ODOT stated that, "[d]efendant has performed an investigation of this site and the City of Dublin takes care of this section of US 33/161 @ Avery/Muirfield Road (See Exhibit A)." Defendant submitted documentation (Exhibit A) showing that the particular section of US Route 33/161 in the vicinity of the Avery Road

exit is located within the maintenance jurisdiction of the City of Dublin. ODOT advised that, "[a]s such, this section of roadway is not within the maintenance jurisdiction of the defendant." The site of the damage-causing incident was located in the City of Dublin.

CONCLUSIONS OF LAW

{¶3} R.C. 2743.10(A) provides:

{¶4} "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions."

{¶5} R.C. 2743.02(A)(1) states in pertinent part:

{¶6} "(A)(1) The state hereby waives its immunity from liability, except as provided for the office of the state fire marshal in division (G)(1) of section 9.60 and division (B) of section 3737.221 of the Revised Code and subject to division (H) of this section, and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) or (3) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability."

{¶7} R.C. 5501.31 in pertinent part states:

{¶8} "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director . . ."

{¶9} The site of the damage-causing incident was not within the maintenance jurisdiction of defendant. Consequently, plaintiff's case is dismissed.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES K. HUNTER, III

     Plaintiff

     v.

OHIO DEPT. OF TRANSPORTATION, DIV. 6

     Defendant

Case No. 2011-06480-AD

Acting Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's claim is DISMISSED. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Acting Clerk

Entry cc:

James K. Hunter, III
185 Kenbrook Drive
Worthington, Ohio  43085

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

8/4
Filed 8/11/11
Sent to S.C. reporter 1/3/12